United States District Court
Southern District of Texas
**ENTERED**
August 15, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMBER NICOLE FLANAGAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2324 |
| | § | |
| CLARKE ROAD TRANSPORT, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER OF REMAND

Pending before the court are (1) plaintiff Amber Flanagan's motion to abstain and to remand (Dkt. 4); and (2) defendants' motion to dismiss (Dkt. 5) defendant Clarke North America, Inc. ("CNA"). Having considered the motions, other relevant documents in the record, and applicable law, the court is of the opinion that the motion to remand should be GRANTED and the motion to dismiss CNA should be DENIED AS MOOT.

### I. BACKGROUND

This is a personal injury case arising out of a car accident. Flanagan alleges that on or about March 18, 2016, defendant Ryan Van Pelt collided with Flanagan's vehicle. Dkt. 1-2. Flanagan claims to have sustained personal injuries and damages as a result of the incident. *Id*. On January 19, 2018, Flanagan sued defendants Van Pelt, CNA, and Clarke Road Transport, Inc. ("CRT") (collectively, "Defendants"), in the 164th Judicial District Court of Harris County, Texas. Dkt. 4-4. Flanagan asserts claims of negligence, respondeat superior, negligent hiring, and negligent entrustment. *Id*.

The parties dispute when Defendants were served. But on July 5, 2018, Van Pelt filed an answer in state court and removed the case on July 6. Dkt. 1-3; Dkt. 1 at 1. CRT filed a consent to

removal that same day. Dkt. 1-7. CNA filed its consent on July 18. Dkt. 5-8. Flanagan now moves to remand the case. Dkt. 4. Defendants responded in support of removal and also filed a motion to dismiss CNA. Dkts. 5, 7.

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). "A district court shall remand 'if the court lacks subject matter jurisdiction over the case, or on timely motion if there is a defect in the removal procedure.'" *Campos v. U.S. Bank Nat. Ass'n*, No. 4:12-CV-2236, 2012 WL 5828619, at *2 (S.D. Tex. Nov. 13, 2012) (Ellison, J.) (quoting *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

The notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise. 28 U.S.C § 1446(b). The thirty days begin running at the date of the formal service of process or waiver of service by the defendant, "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344, 119 S. Ct. 1322 (1999). In addition, the failure of all defendants to join in the removal petition within the statutory removal period renders the petition of removal defective. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988).

## III. ANALYSIS

Flanagan argues that the case should be remanded because the amount in controversy is not met and removal was procedurally defective. Dkt. 4. The court will consider each argument in turn.

A.      **Amount in Controversy**

A party seeking to invoke federal jurisdiction bears the burden of establishing that complete diversity exists and that the required jurisdictional amount is satisfied. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). To establish the jurisdictional amount, the removing party must: (1) demonstrate that "it is 'facially apparent' from the petition that the claim likely exceeds $75,000," or (2) be able to set "forth the facts in controversy that support a finding of the requisite amount." *Arriaga v. Midland Funding LLC*, No. 3:14-CV-04044-M, 2015 WL 567264, at *2 (N.D. Tex. Feb. 11, 2015). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal," post-removal stipulations reducing the amount do not deprive the court of jurisdiction and may only be considered if the amount in controversy was ambiguous at the time of removal. *Id*.

In her petition, Flanagan claims she is seeking monetary relief over $100,000, but not more than $200,000. Dkt. 4 at 2. Flanagan argues that the amount in controversy is "questionable" because she is not seeking monetary relief over $75,000 and the statement in the petition was a drafting error regarding the jurisdictional requirement. *Id.* Flanagan contends that she has amended her petition to stipulate that she is seeking damages below $75,000. *Id*. Defendants argue that even if Flanagan filed a stipulation or amended her petition, it would be irrelevant to determining the amount in controversy. Dkt. 7 at 3. They argue that the amount in controversy is determined at the time of the removal. *Id*. at 4 (citing *Chaparro v. Allstate Tex. Lloyd's*, EP-16-CV-00378-KC, 2017 WL 1738401 (W.D. Tex. Apr. 6, 2017).

3

In *Gebbia*, the plaintiff questioned the court's diversity jurisdiction by arguing that the amount in controversy requirement was not satisfied. 233 F.3d at 882. The court concluded that the district court properly denied the plaintiff's motion to remand because it was "facially apparent" from the petition that the damages exceeded $75,000. *Id*. at 883. In addition, the district court disregarded the stipulations made by the plaintiff after removal. *Id*. Similar to the plaintiff in *Gebbia*, Flanagan attempts to reduce the monetary damages by amending her petition and filing a stipulation of reduced damages. Dkt. 4-6. The amount in controversy in this case was determined at the time of removal. At that time, Flanagan sought damages over $100,000, but not greater than $200,000. Dkt. 1-2. The post-removal stipulations and amended petition do not change that. Thus, the amount in controversy requirement is satisfied.

**B.     Procedural Defects**

Defendants have thirty days to remove a case after formal service or waiver of service. 28 U.S.C § 1446(b). Flanagan argues that Defendants were served on March 23, 2018, and Van Pelt's removal on July 6, 2018, was not timely. Dkt. 4 at 2. Defendants argue that Van Pelt was never served but chose to waive service by filing an answer in state court. Dkt. 7 at 3. Thus, though neither party addresses it, the parties dispute whether Van Pelt was served on March 23, 2018.

The parties attach two different proofs of service. In his notice of removal, Van Pelt attaches an affidavit of service stating that a Canadian deputy sheriff "met and served recognized agent Jim Cruickshank with a copy of the Foreign Documents at 10:40 am." Dkt. 1-1 at 2. Cruickshank is CRT's agent. *Id.* at 1. That service allegedly took place on March 21, 2018. *Id.* at 2. However, in her motion to remand, Flanagan attaches an affidavit of service stating that a different Canadian deputy sheriff "did serve James K. Cruickshank, of Stewart McKelvie Law Firm for *Ryan Van Pelt, Clarke North America, Inc., and Clark Road Transport, Inc.* at 1040 hrs. on March 23, 2018, at 1959

4

Upper Water St. Halifax, NS. Therefore, the copy of the Foreign Documents included were served." Dkt. 4-2 at 2 (emphasis added). Thus, according to the attached documents, CRT was served on March 21, 2018, and all three defendants were served on March 23, 2018.

Defendants do not address Flanagan's attached proof of service or its affidavit stating that all three defendants were served in March 2018. At the very least, the affidavit creates an ambiguity about whether Van Pelt was served in March. The court must construe this ambiguity against removal and in favor of remand. *Manguno*, 276 F.3d at 723. Assuming that Van Pelt was served on March 23, 2018, his removal was not timely. *See* 28 U.S.C § 1446(b). Thus, Flanagan's motion for remand is GRANTED. Because the court remands the case, Defendants' motion to dismiss CNA is DENIED AS MOOT.

### IV. CONCLUSION

Flanagan's motion to remand (Dkt. 4) is GRANTED. Defendants' motion to dismiss (Dkt. 5) CNA is DENIED AS MOOT. The case is REMANDED to the 164th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on August 15, 2018.

_____
Gray H. Miller
United States District Judge